UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA J. PRIM, | ) 1: 11-cv-01830-BAM |
| | ) |
| Plaintiff, | ) **ORDER REGARDING PLAINTIFF'S** |
| | ) **SOCIAL SECURITY COMPLAINT** |
| v. | ) |
| | ) |
| CAROLYN W. COLVIN, | ) |
| COMMISSIONER OF SOCIAL | ) |
| SECURITY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## I.   INTRODUCTION

Plaintiff Sandra J. Prim ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying her application for disability insurance benefits pursuant to Title II of the Social Security Act.  The parties consented to jurisdiction of the Magistrate Judge (Doc. 8, 9) and the matter is currently before the Court on the parties' briefs and submitted without oral argument to Magistrate Judge Barbara A. McAuliffe.

## II.   BACKGROUND

**A.   Overview of Administrative Proceedings**

On October 5, 2009, Plaintiff filed an application for Disability Insurance Benefits pursuant to Title II of the Social Security Act, alleging she became disabled on July 12, 2004 due

1

to neck, shoulder, arm, and hand pain, fibromyalgia, headaches, a sleep disorder, carpal tunnel, and nerve damage. (Administrative Record ("AR"), 59, 66, 131.) Plaintiff's application was denied on initial review and again on reconsideration. (AR 59, 66, 73, 95.) Thereafter, Plaintiff requested a hearing before an Administrative Law Judge (the "ALJ"). On April 22, 2011, Plaintiff appeared with counsel and testified before the ALJ. (AR 28-56). In a decision dated May 6, 2011, the ALJ determined Plaintiff was not disabled within the meaning of the Social Security Act. (AR 16-22.) The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on August 10, 2011. (AR 5-7.) Plaintiff then commenced this action for judicial review pursuant to 42 U.S.C. § 405(g).

**B.      Hearing Testimony**

The ALJ held a hearing in Palmdale, California on April 22, 2011. (AR 28.) Plaintiff personally appeared and was assisted by attorney Brian Reed. (AR 28.) Vocational Expert (the "VE") Randi Hetrick also testified.

Plaintiff was born on March 12, 1968. (AR 151.) Currently, Plaintiff lives with her husband and daughter. (AR 44.) Plaintiff completed a twelfth grade education, however, has not received any subsequent education or vocational training. (AR 45-5.)

At the April 2011 hearing, Plaintiff testified that in 2004, she was working at a grocery store unloading and shelving merchandise when she felt a "really bad pain." (AR 35.) She said she had pain in her shoulders and neck and "couldn't do anything [work-wise]." (AR 37.) She testified to being unable to do dishes, cook, make her bed, or push or pull because her pain was "so... debilitating." (AR 38.) At that time, her treatment included medication, such as Darvocet, Ultram, and Naprosyn, and physical therapy. (AR 39.) Plaintiff further testified that, during the relevant period between the Summer of 2004 and Christmas of 2004, she could stand 10 minutes and sit for 5 minutes. (AR 41-42.) Plaintiff had surgery in 2006 to address these concerns, however, Plaintiff testified her condition had not improved as of the date of the hearing. (AR 44.)

Thereafter, the ALJ elicited the testimony of vocational expert Randi Hetrick. (AR 46-54.) The VE stated that Plaintiff's past relevant work was classified as a stocker in a retail

grocery store, which is "heavy" work. (AR 46-7.) The VE also stated Plaintiff worked as an order picker, which is classified as "medium" work. (AR 47.)

The VE was asked to consider whether a thirty-six year old individual with a high school education and the following limitations could perform Plaintiff's past relevant work: light exertion; sit/stand at will option; frequent, not repetitive handling and fingering; occasional overhead reach with the right upper extremity; occasional stoop, kneel, crouch; no crawling ("because the crawling typically requires some . . . hyper extension of the neck"); limited to simple and repetitive tasks; and solitary, not team related work. The VE testified such a hypothetical individual could not perform Plaintiff's past relevant work. (AR 47-9.)

The VE was then asked if such a hypothetical individual could perform other jobs in the local economy. The VE testified such an individual could perform other jobs in the local economy, including office helper (8,000 jobs) and x-ray inspector (2,500 jobs). (AR 51-52.)

**C.    Medical History**

The entire medical record was reviewed by the Court. (AR 200-664.) The medical evidence will be referenced below to the extent it is necessary to the Court's decision.

**D.    ALJ Findings**

In reaching his decision that Plaintiff has not been under a disability within the meaning of the Act, the ALJ made the following findings:

1. Plaintiff last met the insured status requirements of the Social Security Act on December 31, 2004;

2. Plaintiff has not engaged in substantial gainful activity during the period from her alleged onset date of July 12, 2004, through her date last insured of December 31, 2004 (20 CFR 416.971 *et seq.*);

3. Plaintiff has the following severe combination of impairments: degenerative disc disease of the cervical spine with radiculopathy (20 CFR 416.920(c));

4. Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926);

|   |   |   |
|---|---|---|
| 5. | | Plaintiff's Residual Functional Capacity: Plaintiff has the residual functional capacity to lift and carry 20 pounds occasionally and 10 pounds frequently, stand/walk 4 hours in an 8-hour workday with the need to alternate sitting and standing at will, sit 4 hours in an 8-hour workday with the need to alternate sitting and standing at will, occasionally stooping, kneeling and crouching, no crawling, occasional overhead reaching with the non-dominant right upper extremity, frequent but not repetitive reaching at shoulder level with the right upper extremity, frequent but not repetitive handling and fingering with the bilateral upper extremities, and less than moderate impairment in attention and concentration due to pain resulting in limitation to simple and repetitive tasks with no contact with the public and must work in solitary and not in a team; |
| 6. | | Plaintiff is unable to perform any past relevant work (20 CFR 416.965); |
| 7. | | Considering Plaintiffs' age, education, work experience and residual functional capacity, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform (20 CFR 404.1569 and 404.1569(a)). |

(AR 16-22.)

### III.   DISCUSSION

**A.   Standard of Review**

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405 (g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Jones v. Heckler,* 760 F.2d 993, 995 (9th Cir. 1985). This Court must uphold the Commissioner's determination that the claimant

is not disabled if the Secretary applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health and Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987).

In order to qualify for benefits, a claimant must establish that she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c (a)(3)(A). A claimant must show that she has a physical or mental impairment of such severity that she is not only unable to do her previous work, but cannot, considering her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

**B.    The ALJ's RFC Finding Was Based on Substantial Evidence**

At step five in the five-step sequential analysis mandated by the Social Security Regulations[1], the ALJ concluded that Plaintiff's residual functional capacity ("RFC") permitted her to work jobs existing in significant numbers in the national economy. (AR 21.) Plaintiff contends the ALJ's RFC assessment is not supported by substantial evidence because the ALJ failed to include motion limitations relating to Plaintiff's neck. Specifically, Plaintiff argues that "[t]he evidence strongly suggests that Ms. Prim cannot engage in frequent movement of the head and neck whether up, down, or side to side, and never to extremes in any plane." Plaintiff also suggests that "[t]he ALJ's failure to include the [neck] limitations in the residual functional capacity assessment constitutes a failure to fully develop the record."

A claimant's RFC is what he is capable of doing despite his physical and mental limitations. 20 C.F.R. § 404.1545(a)(1); *Mayes v. Massanari*, 276 F.3d 453, 460 (9th Cir. 2001);

---

[1] The five steps are as follows: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant's impairment is "severe"; (3) whether the impairment meets or equals one of the listings in 20 C.F.R. § 404, Subpart P, Appendix 1; (4) whether the claimant is able to return to past relevant work; and (5) whether the claimant can do other types of work. 20 C.F.R. § 404.1520(a)(4). These steps are cumulative; an ALJ need not consider further steps after finding that a step does not favor the claimant.

5

*Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). "RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." SSR 96–8p, 1996 WL 374184 (S.S.A. July 2, 1996). An RFC assessment is ultimately an administrative finding reserved to the Commissioner, based on all of the relevant evidence, including the diagnoses, treatment, observations, and opinions of medical sources, as well as observations by family members and the claimant's own subjective symptoms. 20 C.F.R. § 404.1545(a)(3). An RFC that does not account for all of a claimant's limitations is defective. *Valentine,* 574 F.3d at 690.

In formulating a claimant's RFC, an ALJ is not required to include limitations that are not supported by substantial evidence. *Osenbrock v. Apfel*, 240 F.3d 1157, 1164–65 (9th Cir. 2001) ("No evidence was submitted to the ALJ that Mr. Osenbrock suffered from sleep apnea, diabetes, organic brain disorder, or hepatitis . . . Because Mr. Osenbrock did not present any evidence that he suffers from sleep apnea, diabetes, organic brain disorder, or hepatitis in support of his disability claim, the ALJ did not err in failing to include these alleged impairments in the hypothetical question posed to the VE.") "Conversely, an ALJ is not free to disregard properly supported limitations." *Robbins v. Soc. Sec. Admin.,* 466 F.3d 880, 886 (9th Cir. 2006). An ALJ may omit limitations arising out of a claimant's subjective complaints only if the subjective complaints have been specifically discredited. *Compare, Copeland v. Bowen*, 861 F.2d 536, 541 (9th Cir.1988) (RFC excluding subjective pain limitations was supported by substantial evidence where ALJ specifically discredited claimant's pain testimony) *with Lingenfelter*, 504 F.3d at 1040–41 (RFC excluding subjective pain limitations was not supported by substantial evidence where ALJ did not provide clear and convincing reasons for discrediting claimant's testimony).

The ALJ's RFC finding is supported by substantial evidence. Plaintiff's appeal challenges the ALJ's findings in one respect only: the ALJ should have included a single additional limitation in his RFC finding. Plaintiff, however, does not suggest this error was predicated on a separate error in the Record, *e.g.,* improper rejection of medical opinion testimony, or an improper rejection of Plaintiff's own testimony. Presumably, this is because there is no evidence in the Record to support this limitation – not Plaintiff's own testimony, nor

the opinion or note of any medical professional (treating or otherwise).  On the contrary, Plaintiff asserts the ALJ should have adopted limitations that can not be found anywhere in the Record.  Yet, Plaintiff claims that this limitation is the only inference "flow[ing] from the record."

At the April 2011 hearing, Plaintiff asserted that during the relevant period she "couldn't do anything"– that her pain was so "debilitating" that she could not wash dishes, make her bed, or even push or pull.  (AR 37-38.)  The ALJ, however, found that such allegations were out of proportion with the objective and clinical findings at the time.  (AR 20.)  Such evidence included, the ALJ noted, testing of the right shoulder that was "unremarkable" and "normal" and testing of the neck showing moderate and severe narrowing at C5-6.  (AR 19-20, 200, 228-29.)  The ALJ also observed that in September 2004 pain specialist Dr. Lipel found full motor strength in the upper extremities; thus, the ALJ remarked there was no evidence of muscle atrophy from disuse that would be compatible with the level of inactivity claimed.  (AR 20, 246.)

An ALJ is not compelled to believe every allegation of disability. If that were the case, "disability benefits would be available for the asking." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).  Rather, an ALJ may use ordinary techniques for credibility evaluation, *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997), and make inferences "logically flowing from the evidence," *Macri v. Chater*, 93 F.3d 540, 544 (9th Cir. 1996).  If an ALJ's credibility finding is supported by substantial evidence, the court cannot second-guess the ALJ. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008).  The ALJ logically inferred that Plaintiff's claimed extraordinary limitation – of being unable to do anything at all – was not supported by the objective and clinical medical evidence.

Moreover, Plaintiff incorrectly asserts the ALJ failed to include limitations relating to Plaintiff's neck movement.  In his hypothetical to the VE, the ALJ included the limitation of "no crawling" specifically "because the crawling typically requires some . . . hyper extension of the neck." (AR 47-8.)  The ALJ also included a "no crawling" limitation in his RFC finding.  (AR 18.)  Thus, the ALJ did, in fact, limit Plaintiff from having to engage in hyper extension of the neck both in his RFC finding and his questions to the VE.  Regardless, because there is not a single reference in the Record to Plaintiff's neck limitations, the ALJ only needed to rationally

7

interpret the evidence in the Record in his RFC finding. The ALJ was not required to address a specific limitation that was neither recommended by any medical professional, nor claimed by Plaintiff's own testimony.

At issue is not whether Plaintiff can come up with a different, rational interpretation of the evidence, but rather, whether the ALJ's interpretation of the evidence is rational and free of reversible legal error. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (explaining that the ALJ's interpretation of the evidence will be upheld so it is rational, even if "the evidence is susceptible to more than one rational interpretation"). The ALJ's interpretation, here, is rational and based on substantial evidence in the Record.

Finally, the Court is not persuaded that the ALJ's refusal to include the neck limitations sought by Plaintiff constitutes a failure to fully develop the Record. The ALJ's duty to develop the record further "is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) (citation omitted); *see also,* 20 C.F.R. § 404.1520b (stating that the agency will seek additional information only when the information received from a medical source is inadequate and prevents the agency from making a decision regarding disability).

Plaintiff fails to demonstrate how the evidence is ambiguous or inadequate, points to no evidence absent from the record, and fails to identify what specific additional evidence is required. On the contrary, Plaintiff suggests the Record is so clear that the proposed neck limitations are the only inference "flow[ing] from the record." Thus, Plaintiff's "duty to develop the Record" argument rehashes her disagreement with the ALJ's RFC finding. Plaintiff's disagreement with the ALJ's findings, however, by itself, is insufficient.

## IV. CONCLUSION

Based on the foregoing, the Court finds the ALJ's decision is supported by substantial evidence in the record as a whole and based upon proper legal standards. Accordingly, this Court ORDERS that:

1. Plaintiff's motion for summary judgment be DENIED;

2. The Commissioner's cross-motion for summary judgment be GRANTED;

3. The Clerk of Court enter judgment in favor of the Commissioner of Social Security, and against Plaintiff Sandra Prim.

IT IS SO ORDERED.

Dated: **March 27, 2013**                   /s/ **Barbara A. McAuliffe**
                                       UNITED STATES MAGISTRATE JUDGE